**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raejean S. BONHAM, Defendant–
Appellant.**

No. 99–30080.

D.C. No. CR–97–00115–HRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2001.

Decided Feb. 26, 2001.

Before McKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Ms. Bonham pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i); the government dismissed the remaining 52 counts of mail fraud, seven counts of money laundering, and eighteen counts of engaging in transactions in criminally derived property. Ms. Bonham and the government agreed that the loss was between $10 million and $20 million; eventually, some 1,100 people made claims totaling $50 million in the related bankruptcy proceeding. Based on the presentence report, the plea agreement, and the record as a whole, the district court found that there were over 1,000 victims.

At sentencing, the court departed upward two levels under U.S. Sentencing Guidelines § 5K2.0, concluding that "I'm satisfied that this is a case where the number of victims is, albeit a matter of a kind considered by 2F1.1, it exists—the number of victims exists in this case to a degree that is in no fashion, in my view, adequately taken into consideration in this case." Ms. Bonham challenges the district court's § 5K2.0 departure.

First, Bonham argues that the district court, in effect, double-counted the enhancement in U.S.S.G. § 2F1.1(b)(2). It is evident in the transcript of the sentencing hearings and from the court's judgment that the district court did not impose two two-level enhancements under § 2F1.1(b)(2), but imposed one such enhancement and departed upward under U.S.S.G. § 5K2.0. *United States v. Stein*, 127 F.3d 777 (9th Cir.1997), nowhere says that a district court cannot depart upward based on the § 2F1.1(b)(2) factors; in fact, it notes that that case involved too few victims to justify departure, 127 F.3d at 780. *Stein*, then, does not bar the departure in this case.

Bonham's second argument is that this case is in the "heartland" of mail fraud, and therefore ineligible for upward departure. The question for the court is

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

whether a mail fraud of this type involving over 1,000 victims is atypical of a fraud totaling between $10 million and $20 million. Keeping in mind the exhortation that deference is due because of the institutional advantage of the district court, *Koon v. United States,* 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), we conclude that the district court did not abuse its discretion in deciding that 1,000 victims took this case out of the heartland of mail fraud.

Next, Bonham argues that the district court abused its discretion by considering conduct that was the subject of counts that were dismissed as part of the plea bargain, as well as uncharged conduct, in violation of *United States v. Castro–Cervantes,* 927 F.2d 1079 (9th Cir. 1991). We have not extended *Castro–Cervantes* to groupable fraud cases in which the offense level was enhanced. *See United States v. Fine,* 975 F.2d 596, 602 (9th Cir.1992) (en banc) (distinguishing *Castro–Cervantes* as only controlling upward departures on account of non-groupable offenses); *see also United States v. Smith,* 991 F.2d 1468, 1472 (9th Cir.1993) (limiting *Castro–Cervantes* specifically to "those situations involving an upward departure on account of non-groupable offenses") (citing *Fine* ). We decline to do so here.

Lastly, Bonham argues that the district court erred in finding that there were more than 1,000 victims of her fraud. Based on our review of the record, the district judge had substantial support for his conclusion that there were over 1,000 victims. The mitigating factors identified by Bonham do not render that factual conclusion clearly erroneous.

AFFIRMED.